UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E.O., a minor, by and through Guardian ad Litem, PATRICIA RINCON,

Plaintiff,

vs.

MERCED CITY SCHOOL DISTRICT; VERONICA VILLA, individually and in her official capacity, and DOES 1-50, inclusive, individually, jointly, and severally,

Defendants.

CASE NO.: 1:26-cv-02803-KES-EPG

STIPULATION AND ORDER APPROVING STIPULATION TO PERMIT THE FILING OF A FIRST AMENDED COMPLAINT

(ECF No. 16)

On September 16, 2026, Plaintiff filed a stipulation to permit the filing of a first amended complaint. (ECF No. 16). The stipulation provides the following:

> Plaintiff E.O., a minor, by and through his Guardian ad Litem Patricia Rincon, and Defendants Merced City School District and Veronica Villa, by and through their respective counsel of record, hereby stipulate as follows:
>
> A. Plaintiff filed the Complaint in this action on April 10, 2026 (Dkt. 1). No amended pleading has been filed, and no party has previously sought or obtained leave to amend.
>
> B. Defendant Merced City School District executed a waiver of service on July 9, 2026.
>
> C. On August 11, 2026, counsel for Defendants transmitted a letter identifying grounds for a contemplated motion under Federal Rule of Civil Procedure 12(b)(6) and inviting a conference. Counsel conferred by telephone on August 20, 2026 and exchanged further written correspondence on August 20, August 23, and August 24, 2026.

D. Through that process the parties identified certain matters that can be resolved by amendment of the pleading and certain matters that remain in dispute. The parties agree that it is more efficient, and conserves both the parties' and the Court's resources, to resolve the former by stipulated amendment and to present the latter, if at all, by a single motion directed at the amended pleading, rather than by motion practice against the original Complaint followed by an application for leave to amend.

E. Plaintiff proposes to file a First Amended Complaint that (i) deletes the reference to injunctive relief in paragraph 3 of the Complaint; (ii) adds an express allegation that Plaintiff seeks only retrospective compensatory damages, costs, and attorney's fees, and disclaims any relief available under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.; (iii) conforms paragraph 2 of the Prayer to the foregoing; (iv) amends and expands the allegations concerning presentation of Plaintiff's claim under California Government Code § 910 et seq.; and (v) adds allegations clarifying the causal connection alleged between the conduct of District personnel and the injuries alleged. A copy of the proposed First Amended Complaint is attached hereto as Exhibit A. A comparison of the proposed First Amended Complaint against the Complaint has been furnished to counsel for Defendants and will be provided to the Court upon request; it is not filed herewith so that this filing remains within the twenty-five page threshold above which Section IV.A of the Scheduling Conference Order (Dkt. 15) requires delivery of courtesy copies to chambers.

F. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the opposing party's written consent. Under Local Rule 143(b), a stipulation affecting the pleadings is effective only upon approval by the Court, and the parties therefore submit a proposed order herewith.

G. The Court conducted a scheduling conference on August 4, 2026 and entered its Scheduling Conference Order the same day (Dkt. 15). Section I of that Order addresses amendment of the pleadings but sets no deadline by which the pleadings must be amended. Leave to amend is therefore governed by Federal Rule of Civil Procedure 15(a)(2) rather than by the good cause standard of Rule 16(b)(4).

H. Consistent with Section I of the Scheduling Conference Order, the parties represent that the proposed amendment is not prejudicial to any opposing party, is not the product of undue delay, is not proposed in bad faith, and is not futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). The amendment is proposed within three weeks of the conference that gave rise to it, before initial disclosures are due, and more than a year before the dispositive motion filing deadline.

I. On August 25, 2026, counsel for Defendants gave written consent to the amendment proposed herein and authorized Plaintiff's counsel to affix her electronic signature to this stipulation. That consent constitutes the opposing party's written consent within the meaning of Federal Rule of Civil Procedure 15(a)(2).

J. Counsel for Defendants have not yet entered an appearance in this action and are not presently registered to receive notice through the Court's CM/ECF system. This stipulation is therefore signed by counsel who have not appeared, and Plaintiff has served it upon Defendants' counsel conventionally, as reflected in the certificate of service filed herewith. Defendants do not waive, and Plaintiff does not contest, any right or defense by reason of the timing of Defendants' appearance; the date by which Defendants shall respond to the First Amended Complaint is governed by paragraph 2 below.

NOW, THEREFORE, the parties stipulate and respectfully request that the Court order as follows:

1. Plaintiff may file a First Amended Complaint in substantially the form attached as Exhibit A within fourteen (14) days after entry of the order approving this stipulation.

2. Defendants shall answer or otherwise respond to the First Amended Complaint within twenty-one (21) days after it is filed and served.

3. Plaintiff's agreement to amend is not, and shall not be construed as, an admission or concession that the Complaint was deficient in any respect; that the exhaustion requirement of 20 U.S.C. § 1415(l) applies to any claim asserted in this action; that any claim is barred by the California Government Claims Act or by any statute of limitations; or that Plaintiff previously sought any relief available under the Individuals with Disabilities Education Act. Plaintiff's election not to pursue relief available under that statute is a litigation choice and is not an admission that such relief was sought.

4. Defendants' agreement to this stipulation is not, and shall not be construed as, a waiver of any defense. Defendants expressly reserve all defenses to the First Amended Complaint, including without limitation those available under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and reserve the right to move against the First Amended Complaint on any ground, including any ground identified in counsel's August 11, 2026 correspondence.

5. The parties agree that the conference described in Recital C addressed thoroughly the substance of the contemplated motion and its potential resolution within the meaning of Section I.C of the assigned District Judge's Standing Order in Civil Cases and Section IV.B of the Scheduling Conference Order (Dkt. 15), and that either party may so state, and may cite this stipulation, in the certification of meet and confer efforts that those provisions require to be included in a notice of motion. This paragraph does not excuse conference as to any ground not identified in counsel's August 11, 2026 correspondence, and does not purport to relieve any party of a requirement imposed by the Court.

6. Plaintiff shall lodge an amended civil cover sheet concurrently with the First Amended Complaint pursuant to Local Rule 200.

7. Nothing in this stipulation limits Plaintiff's rights under Federal Rule of Civil Procedure 15(a)(1)(B) should the Court decline to approve this stipulation, and nothing herein alters any date set by the Court. 8. Concurrently with the filing of this stipulation, Plaintiff shall lodge the proposed order in Microsoft Word format by email to the chambers address designated for that purpose, in compliance with Local Rule 137(b), to the chambers of the assigned Magistrate Judge, before whom Section I of the Scheduling Conference Order places amendment of the pleadings.

9. If the First Amended Complaint names any party not presently appearing in this action, Plaintiff shall serve upon that party the Standing Order in Civil Cases and the Order Setting Mandatory Scheduling Conference (Dkt. 3), and shall file proof of service pursuant to Local Rule 135(a).

10. The relief requested herein does not require, and no party hereby seeks, modification of any date set in the Scheduling Conference Order (Dkt. 15). The parties acknowledge that under Section I of that Order the filing of a stipulation requesting leave to amend does not imply good cause to modify the existing schedule, and they do not contend otherwise.

IT IS SO STIPULATED.

(*Id.* at 1-6).

The Court, having considered the stipulation to permit the filing of a first amended complaint, HEREBY ORDERS as follows:

1. The stipulation is APPROVED.
2. Plaintiff shall file the First Amended Complaint, in substantially the form attached to the stipulation as Exhibit A, no later than fourteen (14) days after the date of this Order. Upon filing, the First Amended Complaint shall supersede the Complaint filed April 10, 2026 (ECF No. 1) in all respects.
3. Defendants shall answer or otherwise respond to the First Amended Complaint no later than twenty-one (21) days after it is filed and served.
4. Plaintiff shall lodge an amended civil cover sheet concurrently with the First Amended Complaint pursuant to Local Rule 200.

5. Nothing in this Order modifies any date set in the Scheduling Conference Order entered August 4, 2026 (ECF No. 15)), and no such modification has been sought.

6. This Order approves the procedure to which the parties have stipulated. It does not adjudicate, and shall not be construed as expressing any view upon, the merits of any claim or defense, including any defense reserved in paragraph 4 of the stipulation.

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE